[No. 18233.    Department One.—January 25, 1894.]

JOSEPH BRANDENSTEIN, APPELLANT, *v.* WILLIAM T. HOKE ET AL., RESPONDENTS.

| 101 | 131 |
| 117 | 117 |
| 101 | 131 |
| 131 | 31 |
| 101 | 131 |
| 147 | 165 |
| 101 | 131 |
| e148 | 632 |

CONSTITUTIONAL LAW—CREATION OF LEVEE DISTRICT—UNCONSTITUTIONAL STATUTE.—Section 21 of the act of March 25, 1868, providing for the creation of a levee district upon petition of persons in possession of more than one-half of the acres of any specified portion of the county,

without vote of the people, without notice, and without opportunity for protest, no discretion being vested in the board of supervisors to reject the petition, or to change the proposed boundaries, is unconstitutional.

ID.—CORPORATION DE FACTO—COLLATERAL ATTACK.—A levee district formed under an unconstitutional act has no rights, and is not entitled to be protected against collateral attack as a corporation *de facto*.

ID.—VALIDITY OF BONDS—WAIVER—ESTOPPEL—MANDAMUS.—The board of reclamation fund commissioners of a levee district have not waived objection to the validity of the organization of the district under an unconstitutional act, and are not estopped from disputing the validity of its bonds, by retaining the benefit derived from the proceeds of their sale, and by the payment of interest upon them for several years; and a holder of bonds of such district which were issued and sold for the purpose of securing funds to carry on improvements in such levee district, is not entitled to a *mandamus* requiring the board of fund commissioners to levy a tax to pay the principal and interest of the bonds.

APPEAL from a judgment of the Superior Court of Sutter County.

The facts are stated in the opinion of the court.

*Ben Morgan*, for Appellant.

*F. C. Lusk*, and *M. E. Sanborn*, for Respondents.

*Henry Thompson*, and *Philip G. Galpin*, for Intervenor.

GAROUTTE, J.—The defendants, other than George L. Brander, an intervenor, are the supervisors of the county of Sutter, and, as such, are *ex officio* members of and constitute the board of reclamation fund commissioners of levee district No. 5. The plaintiff is the holder of certain bonds of said district which were issued and sold for the purpose of securing funds to carry on improvements in such levee district. A writ of mandate is prayed for, requiring said board of fund commissioners to take certain steps provided in the statute looking toward the levy and collection of a tax upon the property within the limits of the district, to be applied in liquidation of the principal and interest of plaintiff's bonds.

The matters here involved are purely matters of law,

and the first and principal question presented involves the constitutionality of the following section of an act of the legislature passed March 25, 1868 (Stats. 1867–68, p. 361):

"SEC. 21. Whenever a petition shall be received by said board of supervisors from persons in possession of more than one-half of the acres of any specified portion of said county, asking to be set apart and erected into a levee district, said board shall at once erect such territory into a levee district, and place it under the provisions of this act, to be called levee district No. 2, 3, and so on, as the case may be, provided that it shall not be required to submit the question of tax to a vote of the people of any district so erected."

We cannot bring ourselves to the conclusion that it is necessary to enter into an extended discussion for the purpose of demonstrating the unconstitutionality of the foregoing provision of the statute of this state. That it is violative of fundamental principles of constitutional law is apparent upon the slightest inspection. It will be observed that one petitioner having the possession of a majority of the acreage of the territory which he desires to form into a levee district, has the absolute right to form such district. No notice to his neighbors is required. No opportunity for protest is allowed. No discretion is vested in the board of supervisors to reject the petition, or even change its proposed boundaries.

The duty of the board is entirely perfunctory. The lands of the petitioner's neighbors may need no reclamation. They may consist of plateaux, where flood waters are never known. They being of great value, may be placed within the lines of the proposed district for the single purpose of bearing the brunt of the taxation which is sure to follow the creation of the district. While these matters may be considered trifles in the eyes of the legislature, yet in the eyes of the law a practice of the things countenanced by this provision involves a violation of man's gravest constitutional

rights. This is an attempted delegation of power to one or more unknown persons to deal with their neighbor's property with an iron hand, untrammeled by any of the requirements that are always and everywhere recognized by courts and constitutions as absolutely necessary to be observed before one man may do aught to interfere with another's property.

This provision of the statute was reviewed by the court in the case of *Moulton* v. *Parks*, 64 Cal. 166, and it was there declared to be violative of the constitution of this state. Appellant insists that the matter was not before the court, and that the views there expressed were *obiter dicta.* It is not necessary for us to pass upon that contention here. If those views were *dicta*, they are *dicta* no longer, for we heartily approve of them, as containing a sound exposition of the law. We also refer to *People* v. *Bennett*, 29 Mich. 451, in support of the views we have expressed. That case contains an elaborate discussion of the principle here involved, and, both as to the facts and the law, occupies much broader ground than the case at bar.

It is claimed that this levee district is at least a corporation *de facto*, and that defendants will not be allowed to set up the unconstitutionality of the law under which it was organized for the purpose of defeating this proceeding; and *Dean* v. *Davis*, 51 Cal. 406, is relied upon to support this doctrine. That case does not extend to the limits insisted upon. While it is true that the regularity of the proceedings taken in the organization of a corporation cannot be questioned collaterally, still that principle does not arise in this case. This is not a question of regularity of proceedings. The matter here presented is, was there any law whatever under which a corporation similar to this so-called levee district could be organized at all? If there is no such law, then there is neither fund commissioners nor corporation, and a void law is no law. It is said in *Norton* v. *Shelby County*, 118 U. S. 442: "An unconstitutional act is not a law. It confers no rights. It imposes no

duties. It affords no protection. It creates no office. It is, in legal contemplation, as inoperative as though it had never been passed."

It is also insisted that respondents are estopped from disputing the validity of the bonds by retaining the benefit derived from the proceeds of their sale, and also by the payment of interest upon them for several years. We cannot assent to this view. It might possibly have some weight if the district was a corporation organized under a valid law, and these bonds were issued *ultra vires*, although the principles declared in *Sutro* v. *Petit*, 74 Cal. 332, seem to negative such contention. But here the principle cuts underneath all mere questions of irregularity of organization, or even the *ultra vires* issuance of bonds, for there is no organized body or person or persons against whom to urge a waiver or plead an estoppel.

It is ordered that the judgment be affirmed.

HARRISON, J., and PATERSON, J., concurred.

Hearing in Bank denied.