CHARLES COOK AND ELIZABETH COOK, HUSBAND AND WIFE, APPELLANTS, v. GENEVA FARIA, RESPONDENT.

No. 3985

November 26, 1957                    318 P.2d 649

(Rehearing granted February 14, 1958.)

*Williams and Mann,* of Elko, for Appellants.

*Perce Hall,* of Mountain Home, Idaho, and *Orville R. Wilson,* of Elko, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This is an appeal taken by the defendants below from

judgment for personal injuries sustained in an automobile upset. At the time of the accident appellant Elizabeth Cook was driving and respondent was an occupant of the car. The action was brought by respondent for injuries sustained by her. A jury verdict in her favor in the sum of $15,000 plus costs resulted. Upon this appeal from judgment appellants contend that respondent was a guest and not entitled to recover in the absence of proof of gross negligence and that gross negligence has not been established. NRS 41.180 provides that a guest shall have no right of recovery against the person responsible for operation of a motor vehicle in the absence of intoxication, willful misconduct or gross negligence. A guest is defined in the statute as "being a person who accepts a ride in any vehicle without giving compensation therefor." The principal question involved upon this appeal is whether respondent can be said to have given compensation for her ride, thus rendering the provisions of the guest statute inapplicable.

The Cooks and the Farias were friends of long standing and originally were neighbors residing in San Lorenzo, California. In 1951 the Farias moved to a ranch in Owyhee County, Idaho, not far north of the Nevada border. In the fall of 1952 the Cooks joined the Farias on a four-or-five-day hunting trip in Idaho. The trip was successful and plans were made to repeat the experience the following year. In October 1953 the Cooks wrote the Farias in this regard. The Farias advised that due to the pressure of ranch work they would be unable to go through with their plans. The Cooks came anyway and for over a week remained at the Farias' ranch as guests of the Farias. The two men on one or two occasions made short hunting trips and one deer was shot.

Cook was not an experienced hunter. The deer obtained was the first he had ever shot. He was 74 years of age and was not familiar with the country. The Farias, on the other hand, were both experienced hunters with knowledge of how to bleed and clean a deer, were thoroughly familiar with the country and well informed as to where deer might be found and by what roads good deer country could be reached.

On October 30 one final hunting trip by both couples was taken to Grasmere, Idaho and then to the Gold Creek country in Nevada where the Farias had some mining property they wished to show the Cooks. Having fired unsuccessfully at deer on two occasions the party crossed the Nevada line into Elko County. Then, since it was growing late, they decided to return without visiting the mining property. About five minutes after turning around, the accident occurred. The road was single-lane, dirt, with an embankment on the left, and a ten-foot decline on the right. The party had been discussing the gasoline supply and Mrs. Cook checked the gauge. At the point of upset the road curved to the right and suddenly narrowed from 11½ feet to 7 feet. At this point Mrs. Cook, driving at about ten miles an hour, for the second time took her eyes from the road to glance at the gasoline gauge. The right front wheel left the road and the car toppled over to land upside down.

We may concede the appellants' point that gross negligence is difficult to find from these facts. If it can be said that Mrs. Faria gave compensation for her ride, however, simple negligence is sufficient to justify the verdict. Reasonable minds might well differ upon the question whether the acts of Mrs. Cook violated the standard of conduct of a reasonable man and a jury finding of simple negligence would not be disturbed under these circumstances. Accordingly we turn to the question of the existence of compensation.

Nyberg v. Kirby, 65 Nev. 42, 188 P.2d 1006, 193 P.2d 850, was a case in which the occupant of the car was present on the ride solely for the accommodation of the driver, although the accommodation was principally founded in friendship. This court held compensation to have been given, stating, p. 53, "In Nevada the word 'compensation' and not the word 'payment' is used in the statute and we have no decision in which it has been held that such compensation for the transportation must be a benefit in a 'material or business sense' conferred upon

or to result to the owner or operator of the automobile. In this state the compensation, as in California, may be *any tangible benefit* conferred by the invitee upon the owner or operator of the motor vehicle." [Emphasis supplied.] A tangible benefit does not necessarily mean a money compensation. In Follansbee v. Benzenberg, 122 Cal.App.2d. 466, 265 P.2d 183, 186, 42 A.L.R.2d 832, it was held that "the term 'passenger' is not limited to a person paying for his transportation in cash or its equivalent, but includes in its scope a person who gives such recompense for a ride as may be regarded as compensation therefor—that is, *a return which may make it worth the other's while to furnish a ride."* [Emphasis supplied.] See also Malloy v. Fong, 37 Cal.2d 356, 232 P.2d 241; Duclos v. Tashjian, 32 Cal.App.2d 444, 90 P.2d 140; Crawford v. Foster, 110 Cal.App. 81, 293 P. 841.

In each of these California cases a business aspect of the trip is to be found, as was the case to a minor degree in Nyberg v. Kirby, supra. In such cases courts generally are inclined to be more easily satisfied with the compensation given than in cases where the purpose of the ride is essentially social. It is uniformly held that social companionship alone is not a tangible benefit, nor is simple hospitality, courtesy, nor presence impelled by social amenities. Kuser v. Barengo, 70 Nev. 66, 254 P.2d 447; Whitmore v. French, 37 Cal.2d 744, 235 P.2d 3; Brand v. Rorke, 225 Ark. 309, 311, 280 S.W.2d 906; Loeffler v. Crandall, 129 Colo. 384, 270 P.2d 769; Bond v. Sharp, 325 Mich. 460, 39 N.W.2d 37.

The rule stated in the Follansbee case, however, may be regarded as applicable generally rather than as a rule confined to cases of business trips. As was stated in Humphreys v. San Francisco Area Council, Cal.App. 129 P.2d 118, 121, subsequent opinion 22 Cal.2d 436, 139 P.2d 941, "It may be said of these cases generally that they show a marked tendency on the part of our courts in construing our guest law to take a broad and realistic and not a narrow or technical legalistic view of the situation

and relation of the parties in determining whether an injured occupant of an automobile was or was not a guest within the meaning of the statute at the time of receiving an injury."

The case before us, although it may be said to involve such considerations as hospitality, courtesy and social companionship, goes far beyond them. The chance to do some hunting was foremost in the minds of the Cooks. It was of sufficient importance to them to warrant their making the trip from California to Idaho. To achieve the purpose of this lengthy trip with any degree of success, the Cooks were highly dependent upon the Farias. Without their active assistance the entire trip would have gone for naught. The ride in question must be viewed in this light. It may be said that it was to take this particular ride (among others) that the Cooks had come all the way from California. The ride would not have been taken had not the Farias accompanied the Cooks. It was the presence of the Farias, then, which the Cooks desired, sought and obtained. That very presence, under these circumstances, was compensation in itself. Nor can there be any question but that the benefit so conferred was tangible. It was the most substantial possible benefit which could have been conferred upon the Cooks under the particular circumstances, for it permitted realization of their primary wants.

We conclude that the compensation given was sufficient to take the case from the application of the guest statute.

Affirmed.

BADT, C. J., and EATHER, J., concur.