[L. A. No. 29409. In Bank. July 3, 1967.]

MARGARET H. O'DONNELL et al., Plaintiffs and Appellants, v. WILLIAM FRANCIS MULLANEY et al., Defendants and Respondents.

Jones & Weldon, H. H. Hegner, Jr., Ronald L. Goldman, Edward I. Pollock and Eugene P. Fay for Plaintiffs and Appellants.

Heily & Blase, Neil D. Heily, De Witt F. Blase and Edward L. Lascher as Amici Curiae on behalf of Plaintiffs and Appellants.

Cushman & Grover, Daniel O. Howard and Henry E. Kappler for Defendants and Respondents.

Betts & Loomis, Moss, Lyon & Dunn, Early, Maslach, Foran & Williams, Harry Boyd, Barnes, Benton, Orr, Duval & Buckingham and Edwin Duval as Amici Curiae on behalf of Defendants and Respondents.

PETERS, J.—This is an appeal on a settled statement of facts (rule 7, Cal. Rules of Court) from a judgment entered on a jury verdict in favor of defendants in a wrongful death

case. The trial court refused to give instructions on negligence, and ruled that the California guest law (§ 17158 of the Veh. Code) applied, and instructed that plaintiffs could recover only upon a finding of willful misconduct. The sole question presented is whether the guest law is applicable to an accident on a private roadway as distinguished from a public highway.

Decedent, whose mother and stepfather are plaintiffs in this action, accepted a social invitation from defendant driver to ride in his car. The ride for which decedent gave no compensation, commenced at a picnic site, continued for approximately one mile on a public highway, and then followed a private road known as the Mobil Oil Lease Road. While traveling on this private road, defendant failed to negotiate a sharp curve, and his car plummeted from the road down the side of an adjoining cliff causing fatal injuries to decedent. Thus, although the ride started on a public highway, the alleged negligence, resulting in the death of decedent, occurred on a private road.

Section 17158 of the Vehicle Code provides as follows: "No person riding in or occupying a vehicle owned by him and driven by another person with his permission and no person who as a guest accepts a *ride in any vehicle upon a highway* without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the owner or guest *during the ride,* unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or wilful misconduct of the driver." (Italics added.)

The word "highway" is defined in the Vehicle Code to mean a "public roadway." (Veh. Code, § 360.) As originally enacted, the statute limiting liability to guests specifically was limited to accidents on "public" highways (Stats. 1929, ch. 787, p. 1580). The word "public" was deleted in 1935 (Stats. 1935, ch. 27, p. 154), when the statute was incorporated into the Vehicle Code. By such incorporation the definition of "highway" as a "public roadway," then found in section 81 of the Vehicle Code, became applicable. ■ Thus the conclusion is inescapable that the term "highway" in section 17158 must be interpreted to mean a public roadway and does not include private roadways.

The words "during the ride" appearing in that statute

and italicized above, refer to the ride mentioned earlier in the statute, namely, ''a ride in any vehicle upon a highway.'' In light of the plain language used by the Legislature, there is no rational basis to construe the statute, as urged by defendants, to mean that it is to be applied when part of the ride is on a public highway but the negligent injury is inflicted on private property.

■ Moreover, the guest law must be strictly construed. As was said in *Prager* v. *Isreal*, 15 Cal.2d 89, 93 [98 P.2d 729] : '' 'The common law right of having redress for injuries wrongfully inflicted, being lessened by such statutes, necessitates strict construction, and also *that cases be not held within the provisions of such statutes unless it clearly appears that it should be so determined.*' '' (Italics in original; see also *McCann* v. *Hoffman*, 9 Cal.2d 279, 282 [70 P.2d 909] ; *Smith* v. *Pope*, 53 Cal.App.2d 43, 48 [127 P.2d 292] ; *Rocha* v. *Hulen*, 6 Cal.App.2d 245, 254 [44 P.2d 478].) ■ ''In order to qualify the plaintiff as a guest it must appear (1) that the plaintiff accepted a 'ride' as a guest, (2) that the ride was 'in' a vehicle upon a highway, and (3) that death or injury was suffered by the guest 'during such ride.' The defendant is entitled to the protection of the statute only if all of the foregoing requirements are satisfied.'' (*Boyd* v. *Cress*, 46 Cal.2d 164, 166 [293 P.2d 37].) In the case before us the second condition is not satisfied because the ride was not in a vehicle upon a highway.

In several analogous cases, this court and the Court of Appeal have refused to expand the application of the statute beyond the plain meaning of the words contained therein. In *Prager* v. *Isreal, supra,* 15 Cal.2d 89, which involved an injury sustained by an automobile guest as she set one foot on the ground in alighting from the car, it was held that because plaintiff was no longer riding ''in any vehicle moving upon any of the public highways,'' the statute had ceased to apply. In *Boyd* v. *Cress, supra,* 46 Cal.2d 164, it was held that injury to an automobile guest while outside the car, though during the course of the journey, was not suffered during a ride on a public highway so as to bring the statute into operation. (See also *Smith* v. *Pope, supra,* 53 Cal.App.2d 43, 48 ; *Harrison* v. *Gamatero*, 52 Cal.App.2d 178, 182 [125 P.2d 904] ; *Moreas* v. *Ferry*, 135 Cal.App. 202, 204 [26 P.2d 886].)[1]

---

[1] When the guest remains in the vehicle on a highway but the driver has stepped out at the time the injury occurs, the guest statute does apply. (*Panopulos* v. *Maderis*, 47 Cal.2d 337, 344 [303 P.2d 738] ; *Trigg*

998

■ These cases also demonstrate that the relationship between the driver and occupant of a motor vehicle may fluctuate during the course of a single trip, as circumstances bring them within or without the language of the statute. Another illustration is the case involving the owner of a car who for compensation customarily drove some of his fellow employees to work. The court held that the host-passenger relationship ended upon arrival at the place of work and that, when the car pool arrived at work early and decided to go to a cafe, the status of the occupants changed to that of host-guest for the side trip. (*Lyon* v. *City of Long Beach,* 92 Cal.App.2d 472, 477-478 [207 P.2d 73].)

The distinction between a public and a private road is frequently the crux of a decision. ■ "It has been generally held in civil actions involving motor vehicle accidents that statutory traffic regulations or rules of the road have no application to the conduct of traffic on private ways or premises." (7 Am.Jur.2d, Automobiles and Highway Traffic, § 169, p. 723.) In *Gootar* v. *Levin,* 109 Cal.App. 704, 705-706 [293 P. 706], the court had before it a statute making it unlawful to drive a vehicle on a public highway without a rear view mirror and held the statute inapplicable to an accident that occurred on a private driveway. When the Legislature intends to make its motor vehicle laws apply on private property it does so in clear language. Thus section 20000 of the Vehicle Code uses the term "highways *and elsewhere* throughout the State, unless expressly provided otherwise." (Italics supplied.) (*People* v. *Stansberry,* 242 Cal.App.2d 199, 202 [51 Cal.Rptr. 403].)

Defendants urge that cases dealing with the process provisions of the nonresident motorist statute show that the term "highway" includes private roads. That statute, Vehicle Code, section 17451, provides in part: "The acceptance by a nonresident of the rights and privileges conferred upon him by this code or any use of the highways of this State . . . [makes him amenable to service of process] in any action or proceeding against the nonresident operator or nonresident owner *growing out of any accident or collision resulting from the operation* of any motor vehicle upon the highways of this State. . . ." (Italics added.) Such statutes must be liberally

---

v. *Smith,* 246 Cal.App.2d 510, 514 [54 Cal.Rptr. 858]; *Frankenstein* v. *House,* 41 Cal.App.2d 813, 815 [107 P.2d 624].) In the present case, however, neither the driver nor the guest remained "in any vehicle upon a highway."

rather than strictly construed. Moreover, the language of the statute is clearly broader than that of the guest law, evidencing the legislative intent consistent with the policy favoring wide jurisdiction that its scope be greater. The juxtaposition of the word "highway" with the words "growing out" and "resulting" expands the reach of service of process to accidents occurring off the public highway. That language was given its intended breadth of meaning in *McDonald* v. *Superior Court,* 43 Cal.2d 621, 624 [275 P.2d 464], and *Schefke* v. *Superior Court,* 136 Cal.App.2d 715, 720-721 [289 P.2d 542]. The statute in the instant case does not contain any words equivalent to the expansive language found in the nonresident motorist statute.

Defendants' final argument[2] is that the suggested result creates an unconstitutional distinction between the obligations of one who is an automobile host on a highway and one in the same status on a private road. That contention is without merit. The Legislature has wide discretion in making a classification, and its exercise in this instance does not distinguish among persons of like qualifications, under like conditions and circumstances; it need not attempt to correct all supposed abuses at once. (*Silver* v. *Silver,* 280 U.S. 117, 123-124 [74 L.Ed. 221, 225-226, 50 S.Ct. 57, 65 A.L.R. 939]; *Patton* v. *La Bree,* 60 Cal.2d 606, 609 [35 Cal.Rptr. 622, 387 P.2d 398]; *Blumenthal* v. *Board of Medical Examiners,* 57 Cal.2d 228, 233 [18 Cal.Rptr. 501, 368 P.2d 101].)

The judgment is reversed.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke J., and Sullivan, J., concurred.

---

[2]Defendants refer us to cases from foreign jurisdictions that apply their statutes to private property. Those cases are inapposite because their statutes do not contain the restrictive language found in ours, and the decisions expressly depend on that factor. (*Fishback* v. *Yale* (Fla.) 85 So.2d 142, 147; *Kitchens* v. *Duffield,* 149 Ohio St. 500, 504 [79 N.E.2d 906]; *Becket* v. *Hutchinson,* 49 Wn.2d 888, 889-890 [308 P.2d 235].)