GERALDINE L. LIGHTENBURGER, ET AL., APPELLANTS, v. JOAN K. GORDON, ET AL., RESPONDENTS.

No. 5704

June 6, 1973                                        510 P.2d 865

[Rehearing denied June 21, 1973]

*Morton Galane,* of Las Vegas, and *Robert List,* of Carson City, for Appellants.

*Beckley, DeLanoy & Jemison, Chartered,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, C. J.:

Geraldine Lightenburger for herself, and on behalf of three minor children, commenced this action to recover damages for the wrongful death of her husband, Dale, who was killed when the Cessna 310 in which he was riding crashed and burned at the Los Angeles International Airport on December 6, 1962. The pilot was James L. Gordon who also was killed. The defendants to the action are the executor of his estate and his surviving wife.

The initial trial resulted in a jury verdict for the defendants which this court set aside. Lightenburger v. Gordon, 81 Nev. 553, 407 P.2d 728 (1965). The case was tried once more, and again the jury favored the defendants. This appeal is from the judgment entered upon the verdict of the second trial. A complete recitation of the facts surrounding the plane crash may be found in our first opinion and will not be repeated here.

Each trial was presented to the court and jury on the basis of California law. The airplane guest statute of that state deprives the heirs of a deceased airplane guest of any recovery unless death resulted from the pilot's willful misconduct or intoxication.[1] The statute thus withdraws from aircraft "guests," that is, passengers who give no compensation for their ride, the protection against negligently inflicted injuries. For this reason, the plaintiffs presented two theories for recovery. First, that the decedent Lightenburger was a passenger for consideration, and was killed by the negligence of the pilot Gordon. Second, that Lightenburger's status was that of a guest, and that he was killed by the willful misconduct of Gordon. Thus, the issues regarding the status of Lightenburger, and the standard of care

[1]Cal. Pub. Util. Code § 21406. "A guest riding in or upon any aircraft without giving compensation, or any other person, does not have any right of action for civil damages against the airman flying the aircraft or against any other person otherwise legally liable for the conduct of the airman, on account of personal injury to, or the death of, the guest during such ride, unless the plaintiff in the action establishes that the injury or death resulted from the intoxication or willful misconduct of the airman."

by which the liability of the pilot was to be determined, were critical issues in the case.

The jury returned a general verdict. Consequently, we do not know the reasoning upon which that result was reached. Perhaps recovery was denied on the ground that Lightenburger was a passenger and pilot negligence was not established; or because Lightenburger was found to be a guest, and the pilot's willfull misconduct was not shown; or, because the pilot's conduct, however characterized, did not proximately cause the crash.

On February 20, 1973, the California Supreme Court handed down its decision in Brown v. Merlo, 506 P.2d 212, holding that the automobile guest statute of that state violates the equal protection guarantees of the California and United States Constitutions. The court reasoned that the proffered justifications for that statute—the protection of hospitality and the prevention of collusive lawsuits—did not constitute a rational basis for the differential treatment accorded by the statute's classification scheme. The "protection of hospitality" rationale was found fatally defective since it did not explain why different treatment was accorded automobile guests from all other guests; how the interest in protecting hospitality could rationally justify the withdrawal of legal protection from guests, nor does it take account of the prevalence of liability insurance coverage which effectively undermines any rational connection between the prevention of suits and the protection of hospitality. The "prevention of collusion" rationale was found to be too gross and overinclusive since the statute bars the great majority of valid suits along with fraudulent claims. Id. at 215.

In voiding, as unconstitutional, the automobile guest statute of that state, the court also effectively nullified the airplane guest statute which was modeled after the automobile provision.[2]

As noted before, the tragedy giving rise to this litigation occurred more than ten years ago. The cause twice has been litigated in this State, and once in the federal system against a

---

[2]Footnote 5 to that opinion: "California law does contain two other provisions under which non-paying guests are generally deprived of a cause of action for negligence: the 'airplane guest statute' (Pub. Util. Code, § 20406) and the 'motorboat guest statute' (Harb. & Nav. Code, § 661.1), both of which are modeled after the automobile guest statute attacked in the instant case. Although these statutes do place automobile guests on an equal footing with some other guests in California, we cannot discern how automobile, airplane or motorboat guests can rationally be distinguished from all other guests in relation to an asserted state interest in protecting hospitality."

different defendant, the United States. Lightenburger v. United States, 460 F.2d 391 (9th Cir. 1972). When Brown v. Merlo, supra, was decided, the instant matter had been retried, appealed, briefed, orally argued, and submitted for decision. Consequently, the respondents suggest that the matter should be put to rest notwithstanding that decision. This, we cannot do.

The equal protection question posed by the plaintiff in Brown v. Merlo had never before been directly passed upon by that court. See footnote 4 of that opinion. Consequently, that decision did not work a change in the law of that jurisdiction. Rather, it expressed for the first time the unconstitutionality of the automobile guest law and other guest statutes modeled after it.[3] It is as though the statutes had never been passed. Brandenstein v. Hoke, 35 P. 562 (Cal. 1894). In *Brandenstein,* the California Supreme Court quoted directly from Norton v. Shelby County, 118 U.S. 425, 442 (1886): "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."

With this concept in mind it is apparent that the judgment below must be set aside and this cause remanded for still another trial. In the light of Brown v. Merlo, the plaintiffs-appellants have the right to seek damages for the alleged negligence of the pilot Gordon without regard to the status of the decedent Dale Lightenburger. Conversely, the defendants-respondents do not have the protection afforded by the airplane guest law which withdraws therefrom "guests," unless death was due to the pilot's willful misconduct or intoxication. This opinion, of course, does not fault either the trial court or counsel for a failure to be clairvoyant.

Reversed and remanded for another trial.

MOWBRAY, GUNDERSON, and BATJER, JJ., and GEZELIN, D. J., concur.

---

[3]Cases involving a change of law after trial court decision and pending appeal are collected in the Annot., 111 A.L.R. 1317.