DOUBLES LTD., a Nevada Corporation, Doing Business as SWINGING ESCORTS, Petitioner, *v.* ORAN K. GRAGSON, in His Capacity as City Commissioner and as the Mayor of the City of Las Vegas; HAROLD F. MORELLI; RONALD LURIE; GEORGE FRANKLIN; PAUL J. CHRISTENSEN, Each in His Capacity as a Commissioner for the City of Las Vegas, Nevada; and ILA M. BRITT, Director, License and Revenue Department; and THE CITY OF LAS VEGAS, Respondents.

No. 7861

May 20, 1975                                       535 P.2d 677

*Alan B. Andrews,* Las Vegas, for Petitioner.

*Carl Lovell,* City Attorney, and *Daniel E. Ahlstrom,* Deputy City Attorney, Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Petitioner, in this original proceeding, challenges the constitutionality of Las Vegas Ordinance No. 1614 regulating the licensing of escort bureaus.

On January 30, 1973, the Director of the License and Revenue Department for the City of Las Vegas issued a general business license to the petitioner, doing business as Swinging Escorts, for the purpose of operating an escort bureau in Las Vegas.

Thereafter, on February 21, 1973, the City Commission approved ordinance No. 1614, which amended Title V of the Municipal Code of the City of Las Vegas, Nevada, 1960 edition, by adding thereto a new Chapter 23 to provide an ordinance regulating and licensing escort bureaus and all details relating thereto, providing penalties for violation thereof, and repealing all ordinances in conflict therewith. Among other things, the new ordinance required that each such license be issued only to an individual and that such a license not be issued to a corporation.[1]

Petitioner, on August 28, 1974, applied in its corporate name to the License and Revenue Department of the City for an escort bureau license. The City refused to issue the license. Petitioner then instituted this proceeding in mandamus to compel the City to issue the license. On September 9, 1974, this court ordered the license issued, pending resolution of this proceeding.

Petitioner challenges the constitutionality of the ordinance on the principal ground that it violates equal protection under the Fourteenth Amendment to the United States Constitution. We agree.

---

[1] Ordinance No. 1614, Las Vegas, Nevada, Municipal Code ch. 23, § 5–23–2 (1960, as added 1973):

". . . No license under this Ordinance shall be issued to, or in the name of, any organization, group, corporation, partnership, or any other entity than an individual person; but the business may be advertised and carried on by the licensee under a fictitious name in the manner permitted by law, providing such fictitious name is first approved by the Board of City Commissioners."

A corporation is a "person" within the meaning of the Fourteenth Amendment. Wheeling Steel Corp. v. Glander, 337 U.S. 562 (1949). As such, corporations are entitled to the protection prescribed by the Fourteenth Amendment.

Equal protection is offended if the prohibition against corporate licensing is an unreasonable classification without basis in fact, and unrelated to the objective sought to be accomplished. McDonald v. Board of Election, 394 U.S. 802 (1968).

The right to pursue a legitimate occupation is a fundamental right. Corey v. City of Dallas, 352 F.Supp. 977 (N.D. Tex. 1972), *rev'd on other grounds,* 492 F.2d 496 (5th Cir. 1974). And we perceive no reason why corporate ownership of an escort bureau is more likely to lend itself to illegal activity than is individual ownership.

Appropriate conditions and controls may be imposed upon those in control of the corporation. Moreover, an individual charged with a crime has no defense merely because he may have acted on behalf of a corporation.

Accordingly, we find the ordinance's proscription against corporations invalid and unconstitutional. Wheeling Steel Corp., *supra.* Cf. Wedesweiler v. Brundage, 130 N.E. 520, 523 (Ill. 1921). Let a writ of mandamus issue forthwith, directing the City to permit the petitioner to apply for an escort bureau license.

In view of our disposition of this matter, the postsubmission motion filed by petitioner has been rendered moot.