ROBERT W. LAAKONEN, PETITIONER, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, RESPONDENT.

No. 7654

July 31, 1975                                        538 P.2d 574

[Rehearing denied August 26, 1975]

*Wiener, Goldwater & Galatz, Gerald M. Gordon,* and *J. Charles Thompson,* Las Vegas, for Petitioner.

*Dickerson, Miles & Pico,* and *Charles H. Wagner,* Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Petitioner, Robert W. Laakonen, seeks a writ of mandamus directing the district court in and for the County of Clark to grant partial summary judgment in petitioner's civil tort action, by declaring Nevada's automobile guest statute, NRS 41.180, violative of the equal protection guarantees provided in Article 4, Section 21, of the Nevada Constitution and the Fourteenth Amendment to the Constitution of the United States. For the reasons stated below, we find the petition meritorious and order the issuance of the writ sought.

1.   On January 31, 1970, Petitioner Laakonen, while riding as a passenger in a borrowed automobile driven by Terry Lynn Floyd, suffered severe injuries, including brain damage, the loss of memory, learning loss, loss of partial use of the right side of his body, and disfiguration, when the automobile collided with a tractor-trailer. Laakonen subsequently filed a tort action, alleging negligence on the part of Floyd. Floyd responded with the affirmative defense that Laakonen was a "guest", and not a "paying passenger", and is barred by NRS 41.180 from recovery.[1] Laakonen then filed a motion for partial summary judgment, asking the district court to declare NRS 41.180 unconstitutional under the Equal Protection Clause of both the

---

[1]NRS 41.180:

"1.   For the purpose of this section, the term 'guest' is defined as being a person who accepts a ride in any vehicle without giving compensation therefor.

"2.   Any person who as a guest accepts a ride in any vehicle, moving upon any of the public highways of the State of Nevada, and while so riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver or person responsible for the

Nevada and United States Constitutions. The district judge denied the motion; hence this original petition for mandamus.[2]

NRS 41.180 statutorily bars an automobile "guest" passenger from any recovery for injury attributable to negligent driving by his host.[3] As a result, this statute denies a defined class of persons, passengers who give no compensation for their ride who are injured by their host's negligence, the right afforded to other classes of tort victims to recover for negligently inflicted injuries. Laakonen argues that this establishes a discriminatory treatment which conflicts with the equal protection guarantees of our State and Federal Constitutions. We agree.

2. Article 4, Section 21, of the Nevada Constitution provides in pertinent part that "all laws shall be general and of uniform operation through the State." The Fourteenth Amendment to the United States Constitution mandates that no state may "deny to any person within its jurisdiction the equal protection of the laws." Under Federal and State equal protection

operation of such vehicle. In the event that such person while so riding as such guest is killed, or dies as a result of injury sustained while so riding as such guest, then neither the estate nor the legal representatives or heirs of such guest shall have any right of recovery against the driver or owner of the vehicle by reason of the death of the guest. If such person so riding as a guest be a minor and sustain an injury or be killed or die as a result of injury sustained while so riding as such guest, then :neither the parents nor guardian nor the estate nor legal representatives or heirs of such minor shall have any right of recovery against the driver or owner or person responsible for the operation of the vehicle for injury sustained or as a result of the death of such minor.

"3. Nothing contained in this section shall be construed as relieving the owner or driver or person responsible for the operation of a vehicle from liability for injury to or death of such guest proximately resulting from the intoxication, willful misconduct or gross negligence of such owner, driver or person responsible for the operation of such vehicle; provided that in any action for death or for injury or damage to person or property by or on behalf of a guest, or the estate, heirs or legal representatives of such guest, the burden shall be upon plaintiff to establish that such intoxication, willful misconduct or gross negligence was the proximate cause of such death or injury or damage."

[2]Mandamus is an appropriate vehicle to challenge the district court's denial of summary judgment. See Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964); Holloway v. Barrett, 87 Nev. 385, 487 P.2d 501 (1971); State ex rel. List v. County of Douglas, 90 Nev. 272, 524 P.2d 1271 (1974); NRAP 3A(b)(5).

[3]As set forth in footnote 1, *supra,* recovery is allowed if the passenger can show that the driver's misconduct was willful, grossly negligent, or the product of intoxication.

provisions, a statute may single out a class for distinctive treatment only if such classification bears a rational relation to the purposes of the legislation. In Reed v. Reed, 404 U.S. 71, 75–76 (1971), the United States Supreme Court stated: "The Equal Protection Clause of . . . [the Fourteenth] [A]mendment . . . den[ies] to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' [Cite omitted.]" When a statute provides that one class shall receive different treatment from another, the Federal Constitution "requires more of a state law than nondiscriminatory application within the class it establishes. [Cite omitted.] It also imposes a requirement of some rationality in the nature of the class singled out." Rinaldi v. Yeager, 384 U.S. 305, 308–309 (1966). See also Glona v. American Guar. & Liab. Ins. Co., 391 U.S. 73, 75 (1968) (applying the rational basis test in striking down a Louisiana wrongful death statute). Interpreting the Nevada, as well as the Federal, provisions, this court summarily ruled in Doubles Ltd. v. Gragson, 91 Nev. 301, 535 P.2d 677, 679 (1975): "Equal protection is offended if the prohibition is an unreasonable classification without basis in fact, and unrelated to the objective sought to be accomplished. [Cite omitted.]" Accord, Boyne v. State ex rel. Dickerson, 80 Nev. 160, 390 P.2d 225 (1964), where this court set forth a requirement of rationality in the nature of the class singled out.

3. In the recent case of Brown v. Merlo, 106 Cal.Rptr. 388, 506 P.2d 212 (1973), the California Supreme Court held the California automobile guest statute to be unconstitutional as violative of the equal protection clauses of the California and United States Constitutions. In its analysis of the California statute, the court described three distinct levels of classification or discrimination that the statute establishes. It treats paying passengers differently from automobile guests, precluding those who ride without giving compensation from recovery for negligence; it treats automobile guests differently from other social guests; and it distinguishes between different subclasses of automobile guests, withholding recovery from those guests injured while in the vehicle during the ride while upon a public highway, but permitting recovery by guests coming within the statutory "loopholes". In addressing itself to the

rationales advanced in support of the guest statute, the court, in Brown, stated, 106 Cal.Rptr. at 390–391, 506 P.2d at 214–215:

". . . [T]wo distinct justifications—(1) the protection of hospitality and (2) the elimination of collusive lawsuits—have traditionally been proferred to support the guest statute's operation. Upon analysis, however, neither justification constitutes a rational basis for the differential treatment actually accorded by the statute's classification scheme. . . . [T]he 'protection of hospitality' rationale exhibits a number of fatal defects: first, this rationale fails to explain why the statute accords differential treatment to *automobile* guests as distinguished from all other guests or, indeed, all other recipients of hospitality or generosity; second, it fails to explain, in light of recent developments in comparable legal doctrine, how such an interest in protecting hospitality can rationally justify the withdrawal of legal protection from guests; and finally, it completely ignores the prevalence of liability insurance coverage today, a factual development which largely undermines any rational connection between the prevention of suits and the protection of hospitality.

"The 'prevention of collusion' rationale is similarly inadequate to justify, in equal protection terms, the elimination of all automobile guests' right to recover for negligence. Although the guest statute may prevent some collusive suits connived by automobile drivers and their passengers to defraud insurers, the enactment's classification scheme is far too gross and over-inclusive to be justified by this end since the statute bars the great majority of valid suits along with fraudulent claims. On numerous occasions in the recent past this court has held similar 'anti-collusion' justifications insufficient to support significantly narrower classification schemes; the wholesale elimination of all guests' causes of action for negligence does not treat similarly situated persons equally, but instead improperly discriminates against guests on the basis of a factor which bears no significant relation to actual collusion.

"Finally, the irrationality of the guest statute's classifications is aggravated by a series of limiting statutory 'loopholes,' which fortuitously stay the operation of the statute under a variety of diverse, illogical circumstances. Although in specific cases such statutory quirks may work to ameliorate the harsh consequences of the general provision, these numerous exceptions when viewed in toto produce an absurd and illogical pattern which completely drains the statute of any rationality it might conceivably claim. In light of all these circumstances,

we have concluded that the automobile guest statute must succumb to the constitutional demand of rationality imposed by our state and federal Constitutions."

The Nevada automobile guest statute produces the same discriminations found in the California statute. The justifications propounded in support of the Nevada statute are identical to those discussed in Brown.

4. NRS 41.180 has been upheld in the past on the grounds that a generous host should be protected from suit by an ungrateful guest and that public policy is served by such a limitation. Kuser v. Barengo, 70 Nev. 66, 254 P.2d 447 (1953). We can no longer accept the notion that there is a rational relation between promotion of hospitality and removal of liability for negligent injury of another.

In discussing this public policy, Dean Prosser observed in his Law of Torts, § 34, at 187 (4th ed. 1971):

". . . Essentially, however, the theory of the acts is that one who receives a gratuitous favor in the form of a free ride has no right to demand that his host shall exercise ordinary care not to injure him. The typical guest act case is that of the driver who offers his friend a lift to the office or invites him out to dinner, negligently drives him into a collision, and fractures his skull—after which the driver and his insurance company take refuge in the statute, step out of the picture, and leave the guest to bear his own loss. If this is good social policy, it at least appears under a novel front." (Footnote omitted.)

The Michigan Supreme Court, in illustrating the extent of the irrationality of the guest statute scheme, said in Stevens v. Stevens, 94 N.W.2d 858, 862 (Mich. 1959):

". . . It has been our boast that when one entrusts another with life or property relying upon a relationship of trust and confidence, rather than the weapons and guarantees of the business world, a performance of duty the most exacting will be demanded, a conformity not with the arm's length standards of the market but rather the infinitely nicer standards of the hearth and the heart. The authorities we need not cite.

"The guest passenger acts changed all of this. The friends of the driver, his family, those to whom he stands in the closest relationship of faith, and trust, and confidence, must suffer injury at his hands without recompense, solaced only by the thought that, after all, the skull was cracked by a friendly hand. His legal status, this invited guest, is no better than that of a trespasser. The hospital bill, the loss from the long illness, all arising from the wrong of another and without fault on the

part of the victim, must be shouldered without the aid of him who did the wrong. Why? Because the relationship between them was one of trust and friendship. No money had changed hands. If, however, not the neighbor himself is carried to town, but rather his livestock to the slaughterhouse, many modern courts will permit full recovery for injury to the unfortunate animal through failure to use reasonable care for its safety. Is this one answer of an enlightened people to the hallowed question: 'How much then is a man better than a sheep?' " (Footnote omitted.)

In Lightenburger v. Gordon, 89 Nev. 226, 510 P.2d 865 (1973), this court, in applying California law, held that the California airplane guest statute was in violation of equal protection provisions of the California and United States Constitutions. In commenting upon Brown v. Merlo, *supra,* the court recognized that (89 Nev. at 228, 510 P.2d at 867):

". . . The 'protection of hospitality' rationale was found fatally defective since it did not explain why different treatment was accorded automobile guests from all other guests; how the interest in protecting hospitality could rationally justify the withdrawal of legal protection from guests, nor does it take account of the prevalence of liability insurance coverage which effectively undermines any rational connection between the prevention of suits and the protection of hospitality. . . ."[4]

We agree with the Brown reasoning, as has the Supreme Court of Kansas in Henry v. Bauder, 518 P.2d 362 (Kan. 1974), that the "hospitality" argument does not provide a sufficient rational basis for a guest statute's classifications.

5. The second argument in favor of the guest statute is that it prevents collusive lawsuits against insurance companies. This argument at least recognizes the typical real party in interest. In Cohen v. Kaminetsky, 176 A.2d 483 (N.J. 1961), the court rejected this collusion argument and established an ordinary standard of care in the automobile situation. The court, as did the court in Brown, *supra,* stated that the judicial process was qualified to eliminate the collusive suits. By broadly

---

[4]In McConville v. State Farm Mut. Auto. Ins. Co., 113 N.W.2d 14, 19 (Wis. 1962), in holding that a driver owes a guest the same ordinary duty of care that he owes to others, the Wisconsin Supreme Court commented: "Liability insurance is widely prevalent today. In few cases will the . . . [elimination of a guest statute] shift the burden of loss from the injured guest to the negligent host personally. In the great majority of cases it will shift part or all the burden of loss from the injured individual to the motoring public."

prohibiting all automobile guests from instituting causes of action for negligence because of a small segment of that class which may file collusive suits, the guest statute presents a classic case of an impermissibly overinclusive classification scheme. Clearly, it imposes too broad a burden upon the innocent public instead of confining its disability to those who actually institute collusive suits.

In Henry v. Bauder, *supra,* the Supreme Court of Kansas, in agreeing with the Brown ruling that the collusion prevention justification does not provide a sufficient basis for the guest statute's wholesale elimination of all automobile guests' causes of action for negligently inflicted injuries, stated (518 P.2d at 370):

". . . [B]ecause of the presumed closeness of this relationship, the driver may falsely admit liability so that his guest may collect from the driver's insurance company. To combat this risk of potential fraud, the guest statute eliminates all causes of action in negligence for automobile guests. We believe that it is unreasonable to eliminate causes of action of an entire class of persons simply because some undefined portion of the designated class may file fraudulent lawsuits. . . ."

In Rupert v. Stienne, 90 Nev. 397, 404, 528 P.2d 1013, 1017 (1974), this court "depart[ed] from the doctrine of interspousal immunity . . . to claims arising out of motor vehicle accidents", a doctrine which likewise has been rationalized as preventive of collusive lawsuits. Mr. Justice Batjer, who wrote the unanimous Rupert opinion, said (90 Nev. at 401, 528 P.2d at 1015):

"The doctrine of interspousal tort immunity has been perpetuated on the notion that it fosters domestic tranquility and prevents fraud and collusion, and it has been frequently argued that fraudulent and collusive suits would flow from abandonment of the rule. There is a possibility of fraud or collusion in every negligence action where the tort-feasor is insured. . . .

"However, to deny one spouse the opportunity to recover for the tortious conduct of the other . . . belies the centuries old trust in our jury system. . . . Our adversary system will ferret out the non meritorious claims and dispatch those who would practice fraud upon the courts." This analysis applies with full force here.

6. In Brown v. Merlo, *supra,* the court noted that in recent years numerous statutory exceptions have rendered recovery or lack of recovery under the guest statute largely fortuitous and has added to the irrationality of the statutory scheme. In O'Donnell v. Mullaney, 59 Cal.Rptr. 840, 429 P.2d 160

(1967), the court recognized that if the accident and injury occur on private property, the guest statute does not apply. In Olson v. Clifton, 78 Cal.Rptr. 296 (Cal.App. 1969), the court further extended this exception to include a collision with a power pole at the side of the road, the court holding that the accident did not take place on the roadway. Further, in Boyd v. Cress, 293 P.2d 37 (Cal. 1956), the court held that a person injured while in a nonmoving automobile was excepted from the guest statute. Such exceptions and creation of "loopholes" have occurred in Nevada.[5] None of these exceptions bears the remotest relation to either the objective of protecting hospitality or to the purpose of preventing collusive lawsuits. These distinctions bear no relation to the so-called objectives of the guest statute, and lack rationality, therefore violating the equal protection requirements of the Nevada and United States Constitutions.

7. We conclude, therefore, that the denial of recovery for negligently inflicted injuries to those who by chance fall within the provisions of NRS 41.180 does not bear a substantial and rational relation to the statute's purposes of protecting the hospitality of the host driver and in preventing collusive lawsuits. Such irrational discrimination cannot stand in light of the applicable constitutional standards. It is ordered that a writ of mandamus shall issue, directing the district court to enter an order of partial summary judgment, declaring NRS 41.180 unconstitutional.

GUNDERSON, C. J., and ZENOFF and THOMPSON, JJ., concur.

BATJER, J., concurring in the result:

In Silver v. Silver, 280 U.S. 117 (1929), the United States Supreme Court rejected the equal protection argument and upheld the constitutionality of an automobile guest statute. Article 1, section 2, of the Nevada Constitution declares:

" . . . [T]he Paramount Allegiance of every citizen is due to the Federal Government in the exercise of all its Constitutional powers as the same have been or may be defined by the Supreme Court of the United States . . ."

---

[5]See Cook v. Faria, 73 Nev. 295, 297, 318 P.2d 649, 650 (1958), where this court found "compensation" by the guests to the host on a hunting trip because the host was not an experienced hunter and was not familiar with the country, and the guests "were both experienced hunters with knowledge of how to bleed and clean a deer, were thoroughly familiar with the country and well informed as to where deer might be found and by what roads good deer country could be reached."

I believe that the *Silver* case is to be followed and that NRS 41.180, as considered by the majority, is not in violation of the Fourteenth Amendment to the Constitution of the United States.

Furthermore, I do not believe that automobile guests within NRS 41.180 are such an unreasonable or arbitrary class as to be in violation of article 4, section 21, of the Nevada Constitution. The question of classification is for the Legislature, and it is the duty of the courts to sustain it if there is any reasonable basis for the classification. Norman v. City of Las Vegas, 64 Nev. 38, 177 P.2d 442 (1947); Mengelkamp v. List, 88 Nev. 542, 501 P.2d 1032 (1972).

Nevertheless, I agree with the result reached in this case by the majority, because of the enactment by the Legislature of the Nevada Motor Vehicle Insurance Act, chapter 698 of NRS. That Act requires automobile owners to purchase policies of insurance or other security which would provide medical, surgical, funeral, and disability benefits for every person, unless specifically excluded, who suffers a loss from injury arising out of the maintenance or use of a motor vehicle, without regard to immunity from liability, if the accident occurs in this State. NRS 698.230.[1] Automobile guests are included, as well as others. By requiring insurance to protect a guest to the extent of "basic reparation benefits . . . without regard to immunity",[2] the Legislature has in effect created a new class of guests within the exclusion of NRS 41.180, i.e., all those whose injuries exceed "basic reparation benefits". Excluding from recovery those automobile guests who receive severe injury beyond "basic reparation benefits" amounts to an unreasonable classification within a class and is indeed in violation of article 4, section 21, of the Nevada Constitution. Reed v. Reed, *supra;* Doubles Ltd. v. Gragson, *supra;* Boyne v. State ex rel. Dickerson, *supra.*

---

[1]NRS 698.230:

"If the accident causing injury occurs in this state, every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic reparation benefits unless such benefits are excluded under the provisions of NRS 698.340."

[2]NRS 698.250, in relevant part:

"2. Basic reparation obligors . . . shall pay basic reparation benefits . . . for loss from injury arising out of maintenance or use of a motor vehicle. This obligation exists *without regard to immunity from liability or suit which might otherwise be applicable.*" (Emphasis added.)