MICHAEL BATESEL, an Infant, by MICHAEL B. BATESEL, His Guardian Ad Litem; and MICHAEL B. BATESEL and MURIEL BATESEL, Husband and Wife, Natural Parents and Guardians of MICHAEL BATESEL, Appellants, *v.* JOHN SCHULTZ, an Infant, Respondent.

No. 7493

September 17, 1975                    540 P.2d 100

*Ross and Crow,* Carson City, for Appellants.

*Wait, Shamberger, Georgeson & McQuaid,* Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

The Batesels, plaintiffs below, have appealed from a judgment entered on a jury verdict in favor of John Schultz, the defendant-respondent. Michael Batesel, through his guardians, had brought the action to recover damages from Schultz for injuries he received in an automobile accident which threw Michael from an automobile driven by Schultz.

At the trial, a number of instructions were given to which appellants object. We need concern ourselves with only one instruction as dispositive of this appeal.

The jury was instructed on the language, scope, and burden of proof of NRS 41.180, commonly known as the "automobile guest statute". In Laakonen v. District Court, 91 Nev. 506, 538 P.2d 574 (1975), this court declared Nevada's automobile guest statute unconstitutional, as denying equal protection of the laws. The effect of a declaration of unconstitutionality is to render the statute null and void. As this court said in Lightenburger v. Gordon, 89 Nev. 226, 228, 510 P.2d 865, 867 (1973), regarding the California Supreme Court decision in Brown v. Merlo, 506 P.2d 212 (1973), which held the California automobile guest statute unconstitutional:

". . . [T]hat decision did not work a change in the law of that jurisdiction. Rather, it expressed for the first time the unconstitutionality of the automobile guest law and other guest statutes modeled after it. It is as though the statutes had never been passed. Brandenstein v. Hoke, 35 P. 562 (Cal. 1894). In *Brandenstein,* the California Supreme Court quoted directly from Norton v. Shelby County, 118 U.S. 425, 442 (1886): 'An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.' " (Footnote omitted.)

As we held in Laakonen, *supra,* the guest statute imposed a

greater burden upon a plaintiff guest passenger than upon other types of passengers. That burden was placed upon appellants in the instant case, and we cannot say that the imposition of such a burden was harmless error. The jury, in finding for the respondent, may have found that he was not guilty of the standard of conduct proscribed in NRS 41.180, yet was guilty of negligence.

Accordingly, we must reverse the judgment of the district court and remand for a new trial consistent with this opinion. It is so ordered.

ZENOFF and THOMPSON, JJ., and HOYT, D. J., concur.

GUNDERSON, C. J., dissenting:

On appeal, for the first time, appellant contends instructions on the guest statute were erroneously given because that statute is unconstitutional. To entertain this contention, I respectfully suggest, the majority must ignore rules promulgated by this court as well as all our precedents interpreting those rules. NRCP 51 provides in material part:

". . . No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. . . ."

Although appellant objected to the guest statute instructions, the grounds stated were vague, and most certainly not those the majority here accepts. I therefore respectfully submit that the sole issue on which the majority predicates reversal was not sufficiently preserved for review. Downing v. Marlia, 82 Nev. 294, 417 P.2d 150 (1966); Duran v. Mueller, 79 Nev. 453, 386 P.2d 733 (1963); Wagon Wheel v. Mavrogan, 78 Nev. 126, 369 P.2d 688 (1962); Lathrop v. Smith, 71 Nev. 274, 288 P.2d 212 (1955). See also: Gallues v. Harrah's Club, 87 Nev. 624, 491 P.2d 1276 (1971); Wadsworth v. Dille, 85 Nev. 86, 450 P.2d 362 (1969); Fireman's Fund Ins. v. Shawcross, 84 Nev. 446, 442 P.2d 907 (1968); and Shoshone Coca-Cola v. Dolinski, 82 Nev. 439, 420 P.2d 855 (1966).

I further respectfully suggest that, if the majority intend to abrogate NRCP 51 and to overrule prior authority decided under that rule, they should say so. On the other hand, if they intend NRCP 51 to remain viable, along with our precedents interpreting it, I feel it would be helpful to explain how that can be, consistently with the court's ruling today.