562 P.2d 497

**NAVAJO FREIGHT LINES, INC. and Robert A. Whedon, Petitioners,**

v.

**Ruth Ann English BALDONADO, Respondent.**

No. 11268.

Supreme Court of New Mexico.

April 6, 1977.

Coors, Singer & Broullire, Henry V. Coors IV, Albuquerque, for petitioners.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, Glascock, McKim & Head, Gallup, for respondent.

OPINION

McMANUS, Chief Justice.

This is an appeal from a dismissal of a third-party complaint which was based upon the New Mexico guest statute, § 64–24–1, N.M.S.A. 1953 (2d Repl.Vol. 9, Pt. 2, 1972) and also upon the grounds of improper joinder of parties pursuant to Rule 14(a) and Rule 18(a), N.M.R.Civ.P. [§ 21–1–1(14)(a) and (18)(a), N.M.S.A. 1953 (Repl. Vol. 4, (1970)]. The Court of Appeals affirmed. We granted certiorari and reverse the Court of Appeals and the district court.

The plaintiff, Robert Baldonado, was injured on October 30, 1974 in an automobile and truck accident in Gallup, New Mexico. The automobile was driven by Ruth English and Baldonado was a passenger. The truck was owned by Navajo Freight Lines and operated by Robert Whedon.

Baldonado sued Navajo and Whedon for his injuries, and Navajo and Whedon filed a third-party complaint against English for contribution and property damage. Whedon sued English for personal injuries. The third-party complaint was based upon the theory that since the New Mexico guest statute was no longer applicable, English was liable to Baldonado for his injuries, or alternatively, that English and Navajo

and/or Whedon were jointly liable. Thereafter English filed a motion to dismiss, asserting that the New Mexico guest statute was effective at the time of the accident and therefore Baldonado, as a non-paying passenger, had no right of action against English, his host, for his injuries. If the guest statute was applicable, then Navajo and Whedon could not have joined English as a third-party defendant in this action because English would not be liable to the original plaintiff, Baldonado. The trial court held that the guest statute did apply, and therefore, English could not be held liable for Baldonado's injuries. The trial court then dismissed the third-party complaint against English.

At the time of the accident there was in effect a statute, § 64–24–1, N.M.S.A. 1953 (2d Repl.Vol. 9, Pt. 2, 1972), which barred a guest from recovering damages from a host:

> 64–24–1. Guests in motor vehicles— Right of action for damages for injury, death or loss. —No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others.[1]

However, on September 23, 1975 this Court declared the guest statute unconstitutional on the grounds that it created an unreasonable classification and therefore was a denial of equal protection under U.S. Const. amend. XIV and N.M.Const. art. 2, § 18, as amended. *McGeehan v. Bunch*, 88 N.M. 308, 540 P.2d 238 (1975).

On November 17, 1975 Baldonado sued Navajo and Whedon; the third-party complaint against English was filed on December 29, 1975. The issue before the Court is whether the *McGeehan* decision should be applied to the Baldonado suit where the accident occurred before the decision but the action was not commenced until after the decision was rendered. *McGeehan* was given a modified prospectivity:

> After due deliberation, it is the opinion of this court that the decision holding our guest statute unconstitutional shall be given modified prospectivity. That is, this newly announced rule shall apply to the case at bar, all similar pending actions and all cases which may arise in the future.

88 N.M. at 314, 540 P.2d at 244.

Clearly, this suit was not "the case at bar" and neither was it a "similar pending action" since the complaint had not been filed prior to September 23, 1975. Section 21–1– 1(3), N.M.S.A. 1953 (Repl.Vol. 4, 1970); *Brown v. Board of Education*, 81 N.M. 460, 468 P.2d 431 (Ct.App.1970). Therefore, we must determine if this is a case which arose in the future.

There are practical and policy considerations involved in applying a new decision which overrules an established precedent. In *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975) we overruled the doctrine of sovereign immunity but (after rehearing) gave the decision a prospective effect only because of the hardship retroactive application would cause in subjecting the state and local governments to liability when they had relied on the previous immunity doctrines. Other courts have handled the prospective-retroactive effect differently in sovereign immunity abolition cases.

The same is true in the cases wherein other courts have struck down the guest statutes. Each court has considered the application of its decision and each court has given effect to the decision in a different manner. See, *Thompson v. Hagan*, 96 Idaho 19, 523 P.2d 1365 (1974), which deci-

---

1. The portion of the statute relating to "operators" is void. *Gallegos v. Wallace*, 74 N.M. 760, 398 P.2d 982 (1965).

sion also used a modified-prospectivity rule; *Laakonen v. Eighth Judicial District Court*, 91 Nev. 506, 538 P.2d 574 (1975) and *Batesel v. Schultz*, 91 Nev. 553, 540 P.2d 100 (1975), which decision rendered the statute null and void and therefore, the decision operated retroactively; *Johnson v. Hassett*, 217 N.W.2d 771 (N.D.1974), which decision applied to case at bar and then only prospectively; *Primes v. Tyler*, 43 Ohio St.2d 195, 331 N.E.2d 723 (1975), no discussion of applicability of decision. See generally, Prospective or Retroactive Operation of Overruling Decision, 10 A.L.R.3d 1371 (1966).

The Kansas Supreme Court, in its decision which overruled the Kansas guest statute, did not provide for either a prospective or retroactive application. *Henry v. Bauder*, 213 Kan. 751, 518 P.2d 362 (1974). Thereafter it faced the issue in *Vaughn v. Murray*, 214 Kan. 456, 521 P.2d 262 (1974). In *Vaughn v. Murray*, the court carefully considered and discussed the effect of the *Henry v. Bauder* decision and applied that decision " . . . to all similar cases pending in the courts of this state [on the date of the *Henry v. Bauder* decision], and to cases filed thereafter regardless of when the causes of action accrued . . ." 214 Kan. at 467, 521 P.2d at 271. Although the Kansas court in *Vaughn v. Murray* dealt more explicitly with the point at which modified prospectivity would apply—i.e. when a case was filed rather than when the cause of action arose—than this court did in the *McGeehan* decision, nevertheless the intended result was the same.

Appellee English asks us to construe "all cases which may arise in the future" to mean "all causes of action which accrue in the future;" a "cause of action," meaning those acts which would give rise to a claim for injuries or damages, e.g. the accident which gives rise to a tort claim. Appellants, on the other hand, contend that this language means "all cases filed after the decision." This is the correct interpretation. We hold that in *McGeehan*, "cases which arise in the future" means civil actions in which the complaint is filed after

September 23, 1975 and which are not barred by the applicable statute of limitation.

Since such confusion has resulted from the provision "cases which may arise in the future," we also feel compelled to explain the term "modified prospectivity." Although *McGeehan* applies to cases filed after the decision, we do not mean *McGeehan* to operate totally retroactively. Here again, we agree with the outcome in *Vaughn v. Murray*, supra, (although that court termed the application a "retroactive effect") and hold that *McGeehan* should not operate on cases in which a final judgment was rendered prior to September 23, 1975, where the same is free from reversible error under the law then applicable. If a case is reversed on appeal and a remand is necessary, then *McGeehan* will govern any subsequent proceeding.

◼ Having found that *McGeehan* is applicable, we hold that Navajo and Whedon's claims for property damage and personal injury were properly joined.

Rule 14(a), N.M.R.Civ.P. [§ 21–1–1(14)(a), N.M.S.A. 1953 (Repl.Vol. 4, (1970)] states:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim* against him. . . . (Emphasis added.)

and Rule 18(a), N.M.R.Civ.P. [§ 21–1–1(18)(a), N.M.S.A. 1953 (Repl.Vol. 4, (1970)] states:

The plaintiff in his complaint or in a reply setting forth a counterclaim and the *defendant in an answer* setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. . . . There may be a like joinder of cross-claims or third-party claims if the requirements of Rules 13 and 14 respectively are satisfied. (Emphasis added.)

Since the claims of Navajo and Whedon arise out of the same transaction, and the liability of Navajo, Whedon and English are dependent upon the same operative facts, the joinder was proper.

The decision of the Court of Appeals is reversed. The cause is remanded to the district court for proceedings consistent with this opinion.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.

SOSA, J., respectfully dissents, and agrees with the Court of Appeals' opinion herein.