CHARLES E. WADSWORTH, APPELLANT, v. NEIL JAY DILLE AND W. M. K. TRANSIT MIX, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 5227

February 13, 1969                                    450 P.2d 362

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Robert W. Austin,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

The plaintiff had stopped his car for a red light at an intersection and, while so stopped, was bumped from the rear by an employee driver of the cement company's truck. Among the jury instructions given in the personal injury action which followed was an instruction concerning contributory negligence. Plaintiff's counsel did not object to the giving of that instruction. He apparently believed that the defendants' version of the collision supplied a basis for an instruction regarding the plaintiff's contributory fault, and that the issues of negligence and contributory negligence were fact questions for the jury to resolve. The jury returned a defense verdict, and we are now requested to set it aside and order another trial mainly upon the ground that the record contains nothing to suggest contributory negligence and an instruction on that doctrine should not have been given.

NRCP 51 reads: ". . . No party may assign as error the giving . . . [of] an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. . . ." Had the plaintiff objected the trial court would have been given an opportunity to evaluate the evidence and rule upon the propriety of the contributory negligence instruction. That opportunity was effectively precluded by the silence of plaintiff's counsel. The point which the plaintiff-appellant now wishes to be considered for the first time should have been urged and ruled upon below, especially when it strikes at the heart of the case. It is the kind of instruction that should provoke an objection if a basis exists therefor (Fireman's Fund Insurance Company v. Shawcross, 84 Nev. 446, 442 P.2d 907

(1968)), and we are not now inclined to independently search the record to ascertain whether or not the instruction should have been given, although it is within our power to do so. Since the alleged error was not preserved for appellate review by appropriate objection (Duran v. Mueller, 79 Nev. 453, 386 P.2d 733 (1963); Wagon Wheel Saloon and Gambling Hall, Inc. v. Mavrogan, 78 Nev. 126, 369 P.2d 688 (1962)), we decline to rule at this time.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.