WILBERT JOHN HOULDEN, INDIVIDUALLY AND AS SOLE HEIR OF PATRICIA ANN HOULDEN AND UNNAMED BABY HOULDEN, APPELLANT, *v.* DISCOUNT MOTORS, INC., A NEVADA CORPORATION, RESPONDENT.

No. 5644

March 7, 1969                    451 P.2d 366

*Foley Brothers,* and *James F. Pico,* of Las Vegas, for Appellant.

126

*Singleton, De Lanoy, Jemison & Reid,* of Las Vegas, for Respondent.

**OPINION**

By the Court, ZENOFF, J.:

The driver of a 1956 automobile, Robert Muldowney, drove into Wilbert Houlden and his pregnant wife at between 35 and 45 miles per hour as they walked on the highway in a crosswalk towards the Desert Inn Hotel near Las Vegas. The wife was killed, the baby was delivered dead, and Houlden was severely injured. Muldowney was subsequently convicted of involuntary manslaughter. His insurance company paid Houlden $20,000.

Houlden sought additional recovery from Discount Motors, Inc., for allegedly selling Muldowney the car with worn-out brake linings. Houlden contended that had the brakes been adequate Muldowney would have been able to stop and the accident would have been prevented. A jury trial ended in a verdict finding Muldowney causally negligent and Discount Motors, Inc., not causally negligent. Houlden appeals from judgment in favor of Discount Motors.

1. Respondent Discount Motors, Inc., defends this appeal simply on the ground that the evidence does not support the contention that Muldowney applied the brakes before he struck the Houldens so the question of defective brakes is immaterial

to liability. The only evidence that the brakes may have been applied at all did not come from Muldowney who was not sure whether he used the brakes or not. Two persons, Mr. and Mrs. Tullis, testified that they did not see the impact but almost simultaneously heard a screeching of brakes and then a thud. Muldowney said that he did not see the Houldens until they were within 20 feet of him. Before that, he was able to stop the car at the previous intersection and also to stop within 100 feet after the accident. A bus driver who saw the entire incident said he never saw Muldowney's brake lights go on and that his speed did not diminish until after the collision. Since the evidence clearly preponderated towards the conclusion that Muldowney did not apply his brakes, the judgment must be affirmed if no harmful error occurred at the trial.

2. Appellant objected to Instruction No. 25 which states that a car dealer is not an insurer of the safe condition of a vehicle sold. Unhappily, perhaps from the confusion and fatigue after a difficult trial, appellant withdrew his objection to the instruction during the settling of the instructions in chambers. Without the objection, we will not consider it. Wadsworth v. Dille, 85 Nev. 86, 450 P.2d 362 (1969).

3. The only issue other than the sufficiency of the evidence to show causation properly raised on appeal was whether appellant's expert witness should have been allowed to give his opinion on whether the brake linings were worn-out on the day of the sale of the car, May 23, 1963, based on the witness' examination of the linings the day after the accident, June 17, 1963. The district court refused the offer because it felt the witness was not qualified to testify on the life expectancy of the brake linings. We cannot say that this was an abuse of discretion because it appeared that the witness was qualified to testify only regarding maintenance and repair of brakes and not as to the expected life of brake linings.

. The jury considered evidence sufficiently substantial upon which to rest a verdict. Whether the brakes worked or not, if the driver did not use them until it was too late no fault can be laid to their condition.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.