464 P.2d 333

**Jerome E. ROSCOE, Appellant,**

**v.**

**Harry SCHOOLITZ, Jr., as Special Administrator of the Estate of James Robert Sudderth; David Solomont, et ux., et al., Appellees.**

**No. 9761–PR.**

Supreme Court of Arizona,
In Banc.
Jan. 22, 1970.

A. Parks, Harrison, Strick & Myers, by Mark I. Harrison, Phoenix, for appellees.

HAYS, Justice.

This matter comes before the court on a petition to review the decision of the Court of Appeals. 10 Ariz.App. 41, 455 P.2d 991 (1969). The Court of Appeals' opinion upheld the trial court's order for a new trial, entered following a jury verdict in favor of the plaintiff. Because of matters of first impression herein; we granted review. We affirm the trial court; the opinion of the Court of Appeals is vacated.

A suit was brought by the plaintiff-appellant, Roscoe, alleging a cause of action against the several defendants for libel, slander and alienation of affection. The salient facts, briefly stated are as follows. Plaintiff, Jerome Roscoe, and Allie Catherine Roscoe were husband and wife. In 1963, Mrs. Roscoe, having suspected her husband of infidelity, employed the defendant, Arizona State Guard and Detective Agency, to observe and investigate his activities. On several occasions the plaintiff was followed by investigators in the employ of the detective agency during which time nothing suspicious or incriminating was reported to Mrs. Roscoe. On March 15, 1964, David Solomont, an investigator for the agency, submitted report No. 15 to his supervisor, James Sudderth, who subsequently turned the report over to Mrs. Roscoe. This report contained information which indicated that the plaintiff, Jerome Roscoe, had been witnessed committing an act of adultery in the back of a pick-up truck while parked on plaintiff's farm near Scottsdale, Arizona. The day after Allie Catherine Roscoe received the report she sued her husband for divorce. She testified in the divorce proceeding that the sole reason for filing for divorce was the report of the defendant. The divorce was granted and plaintiff, alleging the report to be a complete fabrication brought this action.

As a defense to the allegations of libel, slander and alienation of affection, the de-

Giles, Zielinski & Thur, by Gordon B. Giles, Scottsdale, States, Meyer & Vucichevich, by P. Richard Meyer, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Frank

fendants assert the truth of the report and the statements contained therein, and further claim the protection of the doctrine of qualified privilege.

The matter was brought to trial before a jury which returned a verdict for the plaintiff and awarded both compensatory and punitive damages. The defendants, having properly preserved their record of objections to the instructions given by the court on the issue of qualified privilege, moved for a new trial. The trial court, convinced that it had committed reversible error in the instructions to the jury, granted the motion.

The issue as to the instructions concerns the trial court's refusal to instruct the jury that as a matter of law a qualified privilege did exist. It is the position of the defendants that no dispute having been raised concerning the facts and circumstances of the occasion for the publication of the alleged defamatory report, the court was obliged to instruct the jury that, as a matter of law this publication was uttered on a privileged occasion, and that, where such an occasion is shown, this publication should be deemed in the exercise of a qualified or conditional privilege. Phoenix Newspapers, Inc. v. Choisser, 82 Ariz. 271, 312 P.2d 150 (1957).

Within the definition of actionable libel or actionable slander there are imputations of two classes. First there are the words spoken or written which are actionable per se; the second classification is that of words which are actionable only per quod. The distinction is based on a rule of evidence. Vojak v. Jensen, Iowa, 161 N.W. 2d 100 (1968):

"Certain statements are held to be libelous per se, which means they are actionable in and of themselves without proof of malice, falsity or damage. In actions based on language not libelous per se, all of these elements must be proved by the plaintiff before recovery can be had, but when the statement is libelous per se they are presumed from the nature of the language used." At 104.

Such is the definition of libel per se in Arizona. It is set forth in the case of Kinsey v. Real Detective Pub. Co. Inc., 52 Ariz. 353, 80 P.2d 964 (1938), that "if an article published is such that it obviously 'tends to bring any person into disrepute, contempt or ridicule * * * to impeach his honesty, integrity, virtue or reputation,' and is false or defamatory, it is libelous *per se*, and upon proof of publication the law presumes its falsity and that it was published with malicious intent."

In Broking v. Phoenix Newspapers, Inc., 76 Ariz. 334, 264 P.2d 413 (1953), this court held that with regard to the publication of charges of crimes or criminal acts, such publication is actionable per se.

It is undenied that in the instant case the published agency report contained a charge of criminal as well as marital misconduct, adultery being a felony within the statutes of this state. A.R.S. § 13–221. It further being the law of this state that it is the function of the court to rule whether unambiguous language charged to be libelous is libelous per se or per quod only, an instruction by the court that report No. 15 is libelous per se was required.

"It follows therefore, *that unless the publication in the instant case was privileged or qualifiedly privileged,* the proof of the publication of the article carried with it the presumption of its falsity and of malice toward the plaintiff and the burden was upon the defendant to prove both the truth of the publication and a lack of malice toward plaintiff." (Emphasis added.) Broking v. Phoenix Newspapers, Inc., at 338, 264 P.2d at 415–416.

Confusion sometimes arises between an "occasion" of privilege and a "privileged communication." It should be clear that whether a communication is conditionally privileged or not is a legal conclusion. Such a conclusion is based on the hypothesis that (1) a privileged occasion exists, and (2) that the occasion for the privilege has not been abused. There may

be an occasion of privilege without a privileged communication, but not the latter without the former.

"* * * the orthodox distinction between the privileged character of the occasion and the use or abuse of the occasion gives rise to some difficulty as to the burden of proof as well as the allocation of the respective functions of the judge and jury. The question whether the occasion is privileged is one for the judge and not for the jury and on this issue the burden of proof is on the defendant. Once the occasion is ruled by the judge to be privileged, the question whether it was abused by the defendant is one for the jury, subject only to the usual censorial power of the judge and the burden on the issue is upon the plaintiff." Harper and James, Law of Torts (1956) Vol. I at 435.

█ In Arizona an occasion for a publication is conditionally or qualifiedly privileged where circumstances exist which cast upon a defendant the duty of making a communication to a certain other person to whom he makes such communication in the performance of such duty. Ross v. State of Arizona, 54 Ariz. 396, 96 P.2d 285 (1939). See also H. E. Crawford Co. v. Dun & Bradstreet, Inc., 241 F.2d 387 and Pavlovsky v. Board of Trade of San Francisco, 171 Cal.App.2d 110, 340 P.2d 63 (1959).

█ It is the burden of the defendant to establish the existence of the occasion by a preponderance of the evidence; and as stated above, whether the occasion is privileged or not is to be ruled on by the court as a matter of law, except in those cases where the facts of the occasion are in dispute. Phoenix Newspapers v. Choisser, supra; Nuyen v. Slater, 372 Mich. 654, 127 N.W.2d 369 (1964). Sheehan v. Tobin, 326 Mass. 185, 93 N.E.2d 524 (1950).

█ Having examined the record, we sustain the defendant's position on the issue of the occasion itself, for we find no fact to be in dispute. The facts are that the defendants had represented themselves as private investigators; that Allie Catherine Roscoe did employ this agency to observe her husband and to report to her his activities; and that this report was made to Mrs. Roscoe in fulfillment of an obligation under the employment agreement. Those facts were sufficient for the trial court to rule whether the occasion for the report was privileged as a matter of law.

█ Being a communication uttered at the request of the recipient, a party having an important interest in facts concerning her husband, and having been made in the course and scope of a bona fide agency relationship, we are compelled, under the general principles of the Ross case, supra, to hold that this was a proper occasion for a privileged communication and that such should have been the instruction of the trial court.

To the contrary, the jury was instructed as follows:

"You are instructed that one of the privileged communications of defamatory matter is known as a qualifiedly privileged communication. This is a published privileged communication where circumstances exist or are reasonably believed by the defendant to exist, which casts on him the duty of making a communication to another person in the performance of a duty. Expressed in another manner, it is a communication made in good faith on any subject matter in which the person communicating has an interest or in reference to which he has a duty, and the same is privileged if it is made to a person having a corresponding interest, even though it contains matter which, without this privilege, would be actionable and, although the duty is not a legal one but only a moral or social duty. If you find from a preponderance of the evidence that Allie Catherine Roscoe in fact employed the defendant in this case to follow and surveil her husband, plaintiff herein, and to report what they found, and if you further find that the report

here in question was made to Allie Catherine Roscoe, being a person having an interest in the matters, and defendant also having an interest in the matter by virtue of its employment, and you further find that the defendant by virtue of its employment had a duty to make such a report *and that the communication was made in good faith*, then you are instructed that the report is qualifiedly privileged." (Emphasis added.) RT 516.

By so instructing the jury, the court placed upon the defendants the burden of establishing by a preponderance of the evidence that the communication was *made in good faith*.

■ However, the issues of malicious intent, *lack of good faith*, and the falsity of the statements made in the report, are matters which must be proved by the plaintiff in order to defeat the defense of qualified privilege. Jones v. Hester, 260 N.C. 264, 132 S.E.2d 586, 589 (1963). "The burden of proving those matters relied on to defeat the privilege must be born by plaintiff. It was reversible error to place it on the defendant." Vojak v. Jensen, supra, 161 N. W.2d at 110.

Once the occasion has been established, the presumptions shift. The presumptions of malice and falsity have been overcome and are no longer operative in favor of the plaintiff's case. New presumptions are raised by the fact of the privileged occasion. The burden of proof has swung back to the plaintiff. Broking v. Phoenix Newspapers, Inc., supra. See also, Phoenix Newspapers, Inc. v. Choisser, supra.

"It is the occasion for the publication rather than the language thereof which gives rise to the privilege, and the privilege attaches in spite of the character of the publication itself, and continues until properly rebutted."

\* \* \* \* \* \*

"We think the rule to be as stated in the case of Broking v. Phoenix Newspapers, Inc., supra, that, where an occasion for

a privileged communication is shown, such publication should be deemed in the exercise of such privilege. The burden then shifts to the plaintiff to prove the falsity of such publication and that the defendant was actuated in publishing the same by malice in fact." 312 P.2d at 154.

Note, Nuyen v. Slater, supra, wherein the Michigan Supreme Court stated:

"The presumption in cases of privileged communications is that the person acts in good faith and from proper motives. If there is anything in the alleged libelous article or in the surrounding circumstances which shows a bad or vindictive spirit or a feeling of hatred or ill will, the question belongs to the jury. If there is not, it belongs to the court, as a question of law."

\* \* \* \* \* \*

"To overcome the presumption of good faith, the circumstances must be such as to show that the defendant was actuated by a bad motive, which led him to take advantage of the occasion to injure the plaintiff. The court should not permit dishonesty of purpose to be lightly inferred from acts which are just as consistent with good faith as with bad faith. If the circumstances relied on as showing malice are as consistent with its nonexistence as with its existence, the plaintiff has not overcome the presumption of good faith, and there is nothing for the jury." 127 N.W.2d at 373.

See also Johns v. Associated Aviation Underwriters, 203 F.2d 208, 209 (5th Cir. 1953).

To summarize: (1) A statement attributing criminal misconduct to another is libelous per se, from which presumptions of malice, falsity and damage arise; (2) if made under a qualified privilege, such libelous statement is rendered innocuous and nonactionable; (3) actual malice combined with falsity nullifies the immunity of a qualified privilege.

The jury should have been instructed unequivocably that the report No. 15 was li-

belous per se; that said report was published by the detective agency to a bona fide client under a qualified privilege; and that plaintiff could recover only upon proving the falsity of the report and actual malice on the part of the defendant.

There is one additional issue which deserves passing comment. The appellant has argued to the court that the instruction which the trial court gave on the question of the *occasion* was in fact requested by the defense. The appellant asserts the position, that notwithstanding possible judicial error in refusing to give defendant's requested instruction number 4 which would have decided the issue as a matter of law, the appellee is barred from raising an objection to his own instruction which submitted the question to the jury. It is correct that the general rule enunciated by this court is that a party may not complain of instructions given at his request, but is bound by the theory of his own instructions. See Miller v. George F. Cook Construction Co., 91 Ariz. 80, 370 P.2d 53 (1962). However, it is clear that the rule has no application in this case. The instruction given to the jury was a modification of the requested instruction. It is noted that the phrase "and that the communication was made in good faith," as set forth with emphasis in the quotation of the instruction above, was added to the text of the submitted instruction by the trial judge. Certainly no authority need be cited for the proposition that a party may raise objection to the court's modification of his instruction whereby the legal proposition stated therein is substantially and significantly altered from that of the proposal. We further note, that the theory of defendant's requested instruction number 11 as proposed is not in conflict with the defense's theory of the case. Defendant's requested instruction 11 was offered as an alternative. It was offered as an instruction to be given in the event that the court should find that the facts and circumstances of the occasion were sufficiently in dispute so as to foreclose a ruling by the court as a matter of law. The submission of such an instruction does not waive the defense position that the facts are not in dispute and that it is the obligation of the court to rule on the issue as a matter of law and to so instruct the jury.

The order granting a new trial is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.