JOYCE E. GALLUES, APPELLANT, v. HARRAH'S CLUB, RESPONDENT.

No. 6547

December 29, 1971                    491 P.2d 1276

*Stewart, Horton & McKissick,* of Reno, for Appellant.

*Wait & Shamberger,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This is an action by Joyce Gallues to recover damages for defamation of her character. The jury returned its verdict for the defendant, Harrah's Club. Although publication of defamatory matter to supervisory personnel was admitted by Harrah's, it contended that the information was published upon a conditionally privileged occasion and that the occasion was not

abused.[1] We are asked to set aside the judgment entered upon the verdict on the grounds that the defense of conditional privilege was not available to Harrah's and, alternatively, if available, the privileged occasion was abused.

The relevant facts are these: Joyce Gallues and two other 21 dealers were terminated at the Holiday Hotel without explanation. Several days later the assistant general manager of Harrah's Reno received a telephone call from an unidentified man advising that Joyce and two other dealers were fired by the Holiday for "dumping," a form of cheating by which the club's money is passed across the gaming table by the dealer to a confederate. The informant also stated that Joyce and the others had been in collusion with another named man who was rumored to have operated a cheating school. None of this information was verified. It was, however, transmitted to the shift manager at Harrah's Tahoe, reduced to memorandum form and copies thereof distributed to supervisory personnel at the Tahoe club. Precautions were taken to insure against others reading the memorandum. A photograph of Joyce also was obtained and distributed to supervisory personnel at Harrah's Tahoe. She was thereafter considered to be an undesirable person and would be asked to leave should she enter the Tahoe casino.

1. The trial judge apparently believed that the published information affected an important interest of Harrah's Club and that its supervisory personnel should know of the defamatory matter in order to protect that interest. Accordingly, by jury instruction, he ruled that the information was published on a conditionally privileged occasion.[2] The plaintiff did not object to that instruction. Had proper objection been made, the trial court would have had the opportunity to consider the point in depth. That opportunity was precluded by the plaintiff's silence, and we decline, at this juncture, to consider the point. Wadsworth v. Dille, 85 Nev. 86, 450 P.2d 362 (1969).

---

[1]Rest. Torts § 593: "One who publishes false and defamatory matter of another is not liable therefor if (a) it is published upon a conditionally privileged occasion and (b) the occasion is not abused." See also: Nev. Const. art. 1, § 9; Reynolds v. Arentz, 119 F.Supp. 82 (D. Nev. 1954).

[2]Where, as in this case, the evidence is not in conflict, the privileged character of the occasion is an issue of law for the judge to decide. Once the occasion is ruled by the judge to be privileged, the question whether it was abused by the defendant is for the jury and the burden on that issue is the plaintiff's. Roscoe v. Schoolitz, 464 P.2d 333 (Ariz. 1970).

2. We must, of course, review the appellate contention that the conditional privilege was abused by Harrah's Club. The jury apparently found an absence of abuse. The record may be read to show that dissemination of the defamatory matter to supervisory personnel was in good faith, without malice to the plaintiff, with belief in its probable truth, and solely for the purpose of protecting the security of Harrah's and the integrity of its gaming facilities. It was, therefore, permissible for the jury to return a defense verdict.

Affirmed.

ZENOFF, C. J., BATJER, MOWBRAY, and GUNDERSON, JJ., concur.