FAYETTE DEXTER PIERSON, Appellant, v. ROBERT GRIFFIN INVESTIGATIONS, INC., and NLV CASINO CORPORATION, Respondents.

No. 8418

October 28, 1976                    555 P.2d 843

*George E. Graziadei,* Las Vegas, for Appellant.

*Galatz, Earl & Biggar,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant Fayette Pierson brought suit to recover damages for respondents' publication of an alleged document concerning Pierson. That document was a background investigation of Pierson prepared by Respondent Robert Griffin Investigations, Inc., for Pierson's employer, Respondent NLV Casino Corporation. At the conclusion of Pierson's case, the district court granted respondents' motion to dismiss pursuant to NRCP 41(b). Pierson here contends the district court erred by (1) granting the motion to dismiss and (2) permitting evidence, elicited from Pierson on cross-examination, of specific dishonest acts of Pierson that occurred more than 10 years before the alleged libel. We disagree.

1. At trial, the parties conceded and the court ruled that the document in question was subject to a qualified privilege. As such, statements therein were not actionable unless respondents published with malice in fact or otherwise abused the privilege. See Gallues v. Harrah's Club, 87 Nev. 624, 646, n. 1, 491 P.2d 1276 (1971); Reynolds v. Arentz, 119 F.Supp. 82, 88 (D. Nev. 1954). The burden of establishing malice or abuse of privilege was on Pierson. See Gallues v. Harrah's Club, *supra,* at 626, n. 2. In granting respondents' motion to dismiss pursuant to NRCP 41(b), the district court held, as a matter of law, that Pierson had failed to meet this burden. The record supports the court's conclusion.

2. Pierson, relying on NRS 50.095, contends the district court erred in admitting into evidence criminal acts committed by him more than 10 years before the alleged libel.[1] Pierson's

---

[1]NRS 50.095 provides in pertinent part:
"1. *For the purpose of attacking the credibility of a witness,* evidence that he has been convicted of a crime is admissible but only if

reliance on NRS 50.095 is misplaced. Since Pierson's character was put in issue by respondents' defense of truth, the evidence was properly admissible pursuant to NRS 48.055. Moore v. Davis, 27 S.W.2d 153, 157 (Tex.Crim.App. 1930).[2]

Affirmed.

the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted.

"2.   Evidence of a conviction is inadmissible under this section if a period of more than 10 years has elapsed since: 

"(a) The date of the release of the witness from confinement; or

"(b) The expiration of the period of his parole, probation or sentence,

whichever is the later date." (Emphasis added.)

[2]NRS 48.055 provides:

"1.   In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or in the form of an opinion.

"2.   In cases in which character or a trait of character of a person is an essential element of a charge, claim or defense, proof may also be made of specific instances of his conduct."